MICHAEL R. ADKINS, Esq. (Bar No. 56414)
ADKINS & HOLTHAUS
1058 Twenty-First Street
San Diego, CA 92102
Telephone: (619) 234-3678
Facsimile: (619) 234-4948
E-Mail Address: mra@adnc.com

Attorney for Defendants
CAMPOS ROOFING COMPANY, INC., MONICA M. CAMPOS, ANGELIQUE C. CAMPOS

FILED
08 MAR 17 PM 3: 10
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

EDWARD M. STEFAN,

Plaintiff,

v.

CAMPOS ROOFING COMPANY, INC., MONICA M. CAMPOS, ANGELIQUE C. CAMPOS and DOES 1 through 10

Defendants.

CASE NO. 08 CV 0295 JM LSP

ANSWER TO COMPLAINT FOR DISCRIMINATORY PRACTICES IN PUBLIC ACCOMMODATIONS (ONE COUNT - VIOLATION OF AMERICAN WITH DISABILITIES ACT) (ONE COUNT - VIOLATION OF CALIFORNIA CIVIL CODE) [42 U.S.C. §§ 12182(A) ET. SEQ; CALIFORNIA CIVIL CODE §§ 51, 52, 54, 54.1; CALIFORNIA HEALTH & SAFETY CODE §19995]

NEGLIGENCE PER SE [CALIFORNIA CIVIL CODE §§ 2338, 3333; CALIFORNIA EVIDENCE CODE §669(a)

DEMAND FOR JURY TRIAL [F.R.C.P. § 38 (b); Local Rule 38.1]

COMES NOW defendants CAMPOS ROOFING COMPANY, INC., MONICA M. CAMPOS, ANGELIQUE C. CAMPOS and answer plaintiff EDWARD M. STEFAN's. complaint herein as follows:

**I.**

**JURISDICTION AND VENUE**

1. In responding to paragraphs 1 and 2 of the Complaint, these answering defendants admit the allegations in said paragraphs.

2. In responding to paragraph 3 of the Complaint, these answering defendants lack sufficient

information and belief to either admit or deny the allegations in said paragraph, and on that basis, generally and specifically deny said allegations.

**II.**

**PARTIES**

3. In responding to paragraph 4 of the Complaint, this answering defendant admits the allegations in said paragraph.

4. In responding to paragraph 5 of the Complaint, these answering defendants admit the allegations in said paragraph.

5. In responding to paragraph 6 of the Complaint, these answering defendants lack sufficient information and belief to either admit or deny the allegations in said paragraph, and on that basis, generally and specifically deny said allegations.

6. In responding to paragraph 7 of the Complaint, these answering defendants lack sufficient information and belief to either admit or deny the allegations in said paragraph, and on that basis, generally and specifically deny said allegations.

7. In responding to paragraph 8 of the Complaint, these answering defendants lack sufficient information and belief to either admit or deny the allegations in said paragraph, and on that basis, generally and specifically deny said allegations.

**III.**

**FACTS**

8. In responding to paragraph 9 of the Complaint, these answering defendants lack sufficient information and belief to either admit or deny the allegations in said paragraph, and on that basis, generally and specifically deny said allegations.

9. In responding to paragraph 10 of the Complaint, these answering defendants lack sufficient information and belief to either admit or deny the allegations in said paragraph, and on that basis, generally and specifically deny said allegations.

10. In responding to paragraph 11 of the Complaint, these answering defendants lack sufficient information and belief to either admit or deny the allegations in said paragraph, and on that basis, generally and specifically deny said allegations.

11. In responding to paragraph 12 of the Complaint, these answering defendants lack sufficient information and belief to either admit or deny the allegations in said paragraph, and on that basis, generally and specifically deny said allegations.

12. In responding to paragraph 13 of the Complaint, these answering defendants lack sufficient information and belief to either admit or deny the allegations in said paragraph, and on that basis, generally and specifically deny said allegations.

13. In responding to paragraph 14 of the Complaint, these answering defendants lack sufficient information and belief to either admit or deny the allegations in said paragraph, and on that basis, generally and specifically deny said allegations.

14. In responding to paragraph 15 of the Complaint, these answering defendants lack sufficient information and belief to either admit or deny the allegations in said paragraph, and on that basis, generally and specifically deny said allegations

15. In responding to paragraph 16 of the Complaint, these answering defendants lack sufficient information and belief to either admit or deny the allegations in said paragraph, and on that basis, generally and specifically deny said allegations.

16. In responding to paragraph 17 of the Complaint, these answering defendants lack sufficient information and belief to either admit or deny the allegations in said paragraph, and on that basis, generally and specifically deny said allegations.

17. In responding to paragraph 18 of the Complaint, these answering defendants lack sufficient information and belief to either admit or deny the allegations in said paragraph, and on that basis, generally and specifically deny said allegations.

18. In responding to paragraph 19 of the Complaint, these answering defendants lack sufficient information and belief to either admit or deny the allegations in said paragraph, and on that basis, generally and specifically deny said allegations.

19. 15. In responding to paragraph 20 of the Complaint, these answering defendants lack sufficient information and belief to either admit or deny the allegations in said paragraph, and on that basis, generally and specifically deny said allegations.

20. In responding to paragraph 21 of the Complaint, these answering defendants lack

sufficient information and belief to either admit or deny the allegations in said paragraph, and on that basis, generally and specifically deny said allegations.

21. In responding to paragraph 22 of the Complaint, these answering defendants lack sufficient information and belief to either admit or deny the allegations in said paragraph, and on that basis, generally and specifically deny said allegations.

22. In responding to paragraph 23 of the Complaint, these answering defendants lack sufficient information and belief to either admit or deny the allegations in said paragraph, and on that basis, generally and specifically deny said allegations.

23. In responding to paragraph 24 of the Complaint, these answering defendants lack sufficient information and belief to either admit or deny the allegations in said paragraph, and on that basis, generally and specifically deny said allegations.

**IV**

**VIOLATION OF AMERICAN WITH DISABILITIES ACT**
**42 USC §12101, et seq.**

**(Against All Defendants)**

24. In responding to paragraph 25 of the Complaint, this answering defendant incorporates by reference each and every answer contained in paragraphs 1 through 23 inclusive as if fully set forth herein.

25. In responding to paragraph 26 of the Complaint, these answering defendant lacks sufficient information and belief to either admit or deny the allegations in said paragraph, and on that basis, generally and specifically deny said allegations.

26. In responding to paragraph 27 of the Complaint, these answering defendants lacks sufficient information and belief to either admit or deny the allegations in said paragraph, and on that basis, generally and specifically deny said allegations.

27. In responding to paragraph 28 of the Complaint, these answering defendants lack sufficient information and belief to either admit or deny the allegations in said paragraph, and on that basis, generally and specifically deny said allegations.

28. In responding to paragraph 29 of the Complaint, these answering defendants lack

sufficient information and belief to either admit or deny the allegations in said paragraph, and on that basis, generally and specifically deny said allegations.

29. In responding to paragraph 30 of the Complaint, these answering defendants lack sufficient information and belief to either admit or deny the allegations in said paragraph, and on that basis, generally and specifically deny said allegations.

30. In responding to paragraph 31 of the Complaint, these answering defendants lack sufficient information and belief to either admit or deny the allegations in said paragraph, and on that basis, generally and specifically deny said allegations.

**V.**

**SECOND CLAIM FOR VIOLATION OF CALIFORNIA CIVIL CODE**

**(Against All Defendants)**

31. In responding to paragraph 32 of the Complaint, these answering defendants incorporates by reference each and every answer contained in paragraphs 1 through 30 inclusive as if fully set forth herein.

32. In responding to paragraph 33 of the Complaint, these answering defendants lack sufficient information and belief to either admit or deny the allegations in said paragraph, and on that basis, generally and specifically deny said allegations.

33. In responding to paragraph 34 of the Complaint, these answering defendants lack sufficient information and belief to either admit or deny the allegations in said paragraph, and on that basis, generally and specifically deny said allegations.

34. In responding to paragraph 35 of the Complaint, these answering defendants lack sufficient information and belief to either admit or deny the allegations in said paragraph, and on that basis, generally and specifically deny said allegations.

//

//

//

//

V.

**THIRD CLAIM FOR NEGLIGENCE PER SE**

**(Against All Defendants)**

35. In responding to paragraph 36 of the Complaint, these answering defendants incorporates by reference each and every answer contained in paragraphs 1 through 34 inclusive as if fully set forth herein.

36. In responding to paragraph 37 of the Complaint, these answering defendants lack sufficient information and belief to either admit or deny the allegations in said paragraph, and on that basis, generally and specifically deny said allegations.

37. In responding to paragraph 38 of the Complaint, these answering defendants lack sufficient information and belief to either admit or deny the allegations in said paragraph, and on that basis, generally and specifically deny said allegations.

38. In responding to paragraph 39 of the Complaint, these answering defendants lack sufficient information and belief to either admit or deny the allegations in said paragraph, and on that basis, generally and specifically deny said allegations.

39. In responding to paragraph 40 of the Complaint, these answering defendants lack sufficient information and belief to either admit or deny the allegations in said paragraph, and on that basis, generally and specifically deny said allegations.

40. In responding to paragraph 41 of the Complaint, these answering defendants lack sufficient information and belief to either admit or deny the allegations in said paragraph, and on that basis, generally and specifically deny said allegations.

41. In responding to paragraph 42 of the Complaint, these answering defendants lack sufficient information and belief to either admit or deny the allegations in said paragraph, and on that basis, generally and specifically deny said allegations.

42. In responding to paragraph 43 of the Complaint, these answering defendants lack sufficient information and belief to either admit or deny the allegations in said paragraph, and on that basis, generally and specifically deny said allegations.

//

**FIRST AFFIRMATIVE DEFENSE**

As a first, separate and distinct affirmative defense, these answering defendants allege that the Complaint, and each and every cause of action contained therein, fails to state facts sufficient to constitute a cause of action against these answering defendants.

**SECOND AFFIRMATIVE DEFENSE**

As a second, separate and distinct affirmative defense, these answering defendants allege that the causes of action set forth in the Complaint are each barred by the applicable statute of limitations.

**THIRD AFFIRMATIVE DEFENSE**

As a third, separate and distinct affirmative defense, these answering defendants alleges that the damages suffered by Plaintiff, if any, were the direct and proximate result of the negligence of parties, persons, corporations or entities other than these answering defendants, certain of which parties are unnamed indispensable parties that were improperly omitted from the Complaint, and that the liability of these answering defendants, if any, is limited in direct proportion to the percentage of fault actually attributed to these answering defendants.

**FOURTH AFFIRMATIVE DEFENSE**

As a fourth, separate and distinct affirmative defense, these answering defendants allege that Plaintiff has waived and/or is equitably estopped from pursuing the allegations contained in his Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

As a fifth, separate and distinct affirmative defense, these answering defendants allege that Plaintiff has "unclean hands" with respect to the transactions alleged in the Complaint and, therefore, is barred from maintaining said Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

As a sixth, separate and distinct affirmative defense, these answering defendants are informed and believe, and thereon allege, that Plaintiff has failed to exercise reasonable care and diligence to avoid loss and to minimize damages, and, therefore, Plaintiff may not recover for losses which could have been prevented by reasonable efforts on his own part, or by expenditures that might reasonably have been made. Therefore, Plaintiff's recovery, if any, should be reduced by failure of Plaintiff to

mitigate his damages, if any there be.

SEVENTH AFFIRMATIVE DEFENSE

As a seventh separate and distinct affirmative defense, these answering defendants are informed and believe, and thereon allege, that the injuries and damages of which the Plaintiff complains were proximately caused or contributed to by the acts of other Defendants, persons and/or entities, and that said acts were an intervening and superseding cause of injuries and damages, if any, of which the Plaintiff complains, thus barring Plaintiff from any recovery against these answering defendants.

EIGHTH AFFIRMATIVE DEFENSE

As an eighth, separate and distinct affirmative defense, these answering defendants are informed and believe, and thereon alleges that whatever injury or damages Plaintiff suffered or will suffer by reason f the allegations in the Complaint, were proximately caused or contributed to by the negligence and comparative fault of Plaintiff. The negligence and comparative fault of Plaintiff's acts to bar any recovery by Plaintiff against Defendant; or, in the alternative, any recovery obtained by Plaintiff should be reduced and diminished in proportion to the extent of such negligence and comparative fault.

NINTH AFFIRMATIVE DEFENSE

As a ninth, separate and distinct affirmative defense, these answering defendants allege that the damages suffered by Plaintiff, if any, were the direct proximate result of the acts and omissions of Plaintiff, and Plaintiff should indemnify and hold Defendant harmless from any and all damages, claims, costs, judgment, or any and all liabilities that may be recovered against Defendant by Plaintiff.

TENTH AFFIRMATIVE DEFENSE

As a tenth, separate and distinct affirmative defense, these answering defendants reserve the right to raise additional affirmative defenses at trial should discovery uncover facts not previously known to these answering defendants.

//

//

//

**ELEVENTH AFFIRMATIVE DEFENSE**

As an eleventh, separate and distinct affirmative defense, these answering defendants allege that the Complaint fails to state facts sufficient to show wilful or malicious conduct as necessary to contribute a claim for treble damages and/or statutory damages under the California Civil Code or federal law.

**TWELFTH AFFIRMATIVE DEFENSE**

As a twelfth, separate and distinct affirmative defense, these answering defendants are informed and believe, and thereon allege, that at or about the times and places alleged in the Complaint on file herein, the Plaintiff was aware of certain conditions that were apparent at the subject property or properties; that Plaintiff did knowingly and did voluntarily assume and expose himself to said known pre-existing condition(s) which proximately caused and contributed to the acts, damages and injuries, if any, referred to in said Complaint, and, therefore, Plaintiff should be barred from recovery.

**THIRTEENTH AFFIRMATIVE DEFENSE**

As a thirteenth, separate and distinct defense, these answering defendants allege that at all times relevant, these answering defendants acted reasonably and exercised good faith.

**FOURTEENTH AFFIRMATIVE DEFENSE**

As a fourteenth, separate and distinct affirmative defense, these answering defendants allege that Plaintiff failed to notify these answering defendants of the alleged liability within a reasonable time, or at any time to commencement of this action.

**FIFTEENTH AFFIRMATIVE DEFENSE**

As a fifteenth, separate and distinct affirmative defense, these answering defendants allege that Plaintiff has failed to mitigate and avoid his damages, and accordingly, Plaintiff is barred in whole or in part for recovering monetary damages, penalties, restitution, treble damages or any other relief from Defendant.

**SIXTEENTH AFFIRMATIVE DEFENSE**

As a sixteenth, separate and distinct affirmative defense, these answering defendants allege that Plaintiff is barred by the equitable doctrine of laches.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

As a seventeenth, separate and distinct affirmative defense, these answering defendants allege that Plaintiff's claim for an award of attorneys fees should be barred or significantly diminished under the circumstances pertaining to these answering defendants, including that this Defendant is a lessee of the subject property, and this Defendant made substantial efforts at the onset of this litigation to determine what if any violations existed, the party responsible to rectify this/these problem(s) and offered to rectify all violations attributable to this Defendant, but Plaintiff unnecessarily continued this litigation as against this Defendant. Accordingly, these answering defendants should be determined to be the prevailing party in this litigation barring, or significantly diminishing, any award of attorneys fees to Plaintiffs.

**DEMAND FOR JUDGMENT FOR RELIEF:**

1. That Plaintiff take nothing as against these answering defendants;
2. For an award of reasonable attorney's fees;
3. For costs of suit herein;
4. For any relief the Court deems just and proper

Dated: March 17, 2008

ADKINS & HOLTHAUS

By: [signature]
MICHAEL R. ADKINS
Attorney for Defendants
CAMPOS ROOFING COMPANY, INC., MONICA M. CAMPOS, ANGELIQUE C. CAMPOS

MICHAEL R. ADKINS, Esq. (Bar No. 56414)
ADKINS & HOLTHAUS
1058 Twenty-First Street
San Diego, CA 92102
Telephone: (619) 234-3678
Facsimile: (619) 234-4948
E-Mail Address: mra@adnc.com

Attorney for Defendants
CAMPOS ROOFING COMPANY, INC., MONICA M. CAMPOS, ANGELIQUE C. CAMPOS

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDWARD M. STEFAN, | ) | CASE NO. 08 CV 0295 JM LSP |
| Plaintiff, | ) | DECLARATION OF SERVICE |
| v. | ) | |
| CAMPOS ROOFING COMPANY, INC., MONICA M. CAMPOS, ANGELIQUE C. CAMPOS and DOES 1 through 10 | ) | |
| Defendants. | ) | |
| | ) | |

DECLARATION OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

I am employed in San Diego County, State of California. I am over the age of eighteen (18) and not a party to this action; my business address is 1058 Twenty First Street, San Diego, California 92102. On March 17, 2008, I served the following document(s) described as: **ANSWER TO COMPLAINT FOR DISCRIMINATORY PRACTICES IN PUBLIC ACCOMMODATIONS,** on the interested parties in Case No. 08 CV 0295 JM LSP placing [ ] the original [X] a true copy thereof enclosed in a sealed envelope addressed as follows:

//

Duane H. Sceper, Esq.
Attorney at Law
P.O. Box 1551
Hayfork, California 96041

San Diego, CA 92108-1321

[ ] **(BY PERSONAL SERVICE):** Personal service accomplished by [ ] attorney service or [ ] _______________, employed by Adkins & Holthaus.

[ ] **(BY FACSIMILE AS INDICATED ABOVE):** I caused the foregoing document(s) to be sent via facsimile to the above address(es) at the facsimile numbers indicated above.

[ X ] **(BY MAIL AS INDICATED ABOVE):** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after deposit for mailing in affidavit.

[ ] **(STATE):** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[ X ] **(FEDERAL):** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made

Dated: March 17, 2008

Ann M. Archer